IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RITA JARMON                                                                                           PLAINTIFF

v.                                               4:21-cv-00032-BSM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Rita Jarmon, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

On May 31, 2018, Rita Jarmon applied for disability benefits, alleging disability beginning on April 16, 2018.  (Tr. 16).   Plaintiff was born in 1969, and was as young as forty-nine during the relevant time period.  (Tr. 25.)   She has a high school education and completed four years of college.  (Tr. 25, 189.).   She has past relevant work as an accountant, operator, and secretary, which the vocational expert classified as an Administrative Clerk.   (Tr. 25, 65, 189.)

The ALJ[1] found Ms. Jarmon had not engaged in substantial gainful activity since April 16, 2018 - the alleged onset date.  (Tr. 19.)   She has "severe" impairments in the form of lupus, fibromyalgia, migraine, depression, and anxiety.   *Id.*   The ALJ further found Ms. Jarmon did not have an impairment or combination of impairments meeting or equaling an impairment listed in

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 19-22.)

The ALJ determined Ms. Jarmon had the residual functional capacity to perform light work that requires only occasional stooping and crouching as defined in 20 CFR 404.1567(b) given her mental and physical impairments.  (Tr. 22.)  Further, Ms. Jarmon could occasionally have direct sunlight exposure, had the ability to perform work where interpersonal contact is routine but superficial, the complexity of tasks is learned by experience with several variables, and judgment is within limits, with little supervision for routine tasks and detailed for non-routine.  (*Id.*)  Based on the residual functional capacity assessment, the ALJ determined Ms. Jarmon could no longer perform her past relevant work.  (Tr. 25.)  The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  Based on the testimony of the vocational expert, (Tr. 64-66), the ALJ determined she could perform the jobs of office helper and price marker.  (Tr. 26.)  Accordingly, the ALJ determined Ms. Jarmon was not disabled.  (Tr. 27.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner.  (Tr. 1-6.)  Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2)

### A. Dr. Al Soufi's Opinion

In support of her Complaint, Plaintiff argues that the ALJ incorrectly discounted the opinion of her treating physician, Abdulmuttaleb Al Soufi, M.D.  (Doc. No. 18 at 1.)  Dr. Al Soufi provided a check box form entitled Treating Physician's Migraine Headache Form (Tr. 457-58) and, if fully credited, his opinion would possibly mean that Plaintiff is disabled.  However,

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

the ALJ did not find his opinion persuasive.   The ALJ stated:

> A primary care physician opined that the claimant's migraine headaches would cause her to miss work one day per week, but did not provide any support for his opinion (Ex. 6F).  The opinion is inconsistent with the treatment record, which noted that the claimant had no focal deficits; her cranial nerves II-XII were grossly intact with normal sensation, strength, coordination and reflexes; and she had a normal gait (Ex. 3F/3).  The record also noted that the claimant was alert and oriented times three, had intact sensation and reflexes, and did not have headaches or seizures (Exs. 29F/4, 30F/3).  Therefore, the undersigned does not find this opinion persuasive.

(Tr. 24.)

Plaintiff argues Dr. Al Soufi's opinion should be given deference because he is a treating physician.[1]  (Doc. No. 18 at 3).  Claims filed after March 27, 2017, like Ms. Jarmon's, are analyzed under 20 C.F.R. § 404.1520c.  *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020). Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians.  20 C.F.R. § 404.1520c(a).  The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the

---

[1] 20 C.F.R. § 404.1527(c)(2), the regulation prior to the 2017 amendment, merited the treating physician controlling weight where it "is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record."  20 C.F.R. § 404.1527(c)(2); *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).  Even so, under the former regulation, the United States Court of Appeals for the Eighth Circuit has reiterated:
> [The] ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). "Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion.  20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c). The ALJ is required to "explain" her decision as to the two most important factors—supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented" and the "more consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the medical evidence, I find that the ALJ properly evaluated the opinion of Dr. Al Soufi. When discussing Dr. Al Soufi's opinion, the ALJ addressed both supportability and consistency factors. (Tr. 24.) While declining to adopt Dr. Al Soufi's opinion regarding Plaintiff's migraines causing her to miss one day of work per week, the ALJ noted that the opinion was "unsupported." *Id.* In the checklist form provided by Dr. Al Soufi, he filled-in the migraine's location and duration, and checked their frequency and applicable accompanying symptoms. (Tr. 457.) A physician's own treatment notes are typically relevant to supportability of the medical opinion. *See Maxwell v. Kijakazi*, No. 3:20-cv-00408, 2021 WL 5998018 PSH, at *1, *2 (E.D. Ark. December 20, 2021) (citing *Dotson v. Saul*, No. 4:20-cv-00310 RWS, 2021 WL 2529786, at *5 (E.D. Mo. June 21, 2021). Out of the numerous medical notes submitted, Dr. Al Soufi saw the patient once at the Family Practice Center instead of her "primary provider" Teresa Bau, M.D. (Tr. 552-57). During the visit he noted the patient "comes for medication refill and to give us disability forms she needs to be signed the patient also have pain over her sinuses which has been there for 15 days also complains of migrane headaches for the sam period." (Tr. 553) (errors in original). During the physical exam, Dr. Al Soufi only found pain over Plaintiff's sinuses, otherwise she had clear eyes, no focal deficits, cranial nerves II-XII grossly intact with

5

normal sensation, reflexes, coordination, muscle strength and tone. (Tr. 554-55). There was no mention of the "nausea, vomiting, photophobia, phonophobia, throbbing/pulsating" symptoms checked on the migraine headache form that Dr. Al Soufi filled out two days later. *See Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (discounting opinion when restrictions physician listed in medical source statement did not appear in doctor's own treatment records).

Further, the checklist form consisted of conclusory statements rather than findings tied to clinical or diagnostic data, as it did not reference his own treatment notes or other medical evaluations. *See Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (describing opinions as "little evidentiary value" that consist of "nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses"). Thus, the form did not cite any medical evidence nor provide any elaboration on how Dr. Al Soufi reached his conclusions. *See id.*

Next, the ALJ explained how Dr. Al Soufi's opinion was inconsistent with other medical evidence in the treatment record. (Tr. 24.) The ALJ cited to and described office treatment records from Family Practice Center (Tr. 315), Endocrinology of South Arkansas (Tr. 850), and Little Rock Diagnostic Clinic (Tr. 867) as examples of the inconsistencies. (Tr. 24.) The neurological exams showed no focal deficits, normal gait, her cranial nerves II-XII were grossly intact with normal sensation, strength, coordination and reflexes, (Tr. 24; 315), and that she was alert and oriented times three. (Tr. 24; 850). Additionally, as noted by the ALJ, several medical records containing neurological exams stated the Plaintiff did not have headaches or seizures (Tr. 24; 787; 867; 874), which directly contradicts Dr. Al Soufi's opinion that Plaintiff's migraines would cause her to miss one day of work per week. The ALJ clearly explained these consistency considerations when it found Dr. Al Soufi's opinion unpersuasive.

6

In accordance with 20 C.F.R. § 404.1520c, the ALJ fully considered all of the medical opinions and prior administrative medical findings and evaluated and explained their persuasiveness under the pertinent factors. (Tr. 24-25). Accordingly, the ALJ found opinions persuasive by State agency reviewers, consultative examiners, and treating physicians when their opinions were well supported and consistent with the treatment records and unpersuasive when they were not.

Plaintiff's counsel has done an admirable job advocating for Ms. Jarmon's rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

As the ALJ recited in her opinion, "[t]he claimant does experience some levels of pain and limitation, which the residual functional capacity above accounts for and describes. The overall evidence indicates that while the claimant's condition restricts her ability to do work at all exertional levels, her condition does not preclude all work activity." (Tr. 25.) This finding is supported by substantial evidence.

### B.     20 C.F.R. § 404.1520c and "Treating Physician Rule"

Plaintiff acknowledges the Administrative Law Judge applied amended 20 C.F.R. § 404.1520c but asserts the regulation cannot abolish the "treating physician rule" because the rule was created by federal case law. (Doc. No. 18 at 3). But Plaintiff ignores that Congress granted

the Commissioner exceptionally broad rulemaking authority, stating "the Commissioner may prescribe such rules and regulations as the Commissioner determines necessary or appropriate to carry out the functions of the Administration." 42 U.S.C. § 902(a)(5). Judicial review of such regulations "is limited to determining whether the regulations promulgated exceeded the [Commissioner's] statutory authority and whether they are arbitrary and capricious." *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) (quoting *Heckler v. Campbell*, 461 U.S. 458, 466 (1983)). The Act requires the Commissioner to obtain a treating physician's medical evidence but leaves open the method of evaluating that evidence. 42 U.S.C. § 423(d)(5)(B). The Commissioner has delegated power to fill in such statutory gaps and later alter them if necessary. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 865-66 (1984) (holding if a statute is ambiguous and agency's construction is reasonable, deference requires federal courts to accept agency's construction); *see Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981-82 (2005) (applying *Chevron* deference and upholding Commission interpretation that differed from past practice and judicial construction).

As such, the Eighth Circuit currently recognizes and uses 20 C.F.R. § 404.1520c to applicable claims. *See e.g.*, *Bonnett v. Kijakazi*, 859 Fed. Appx. 19, 20 (8th Cir. 2021); *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020) (stating "the Social Security Administration has adopted new regulations about the weight afforded to treating physicians' opinions, but those regulations only apply to claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c"); *Lucas v. Saul*, 960 F.3d 1066, 1068 n.2 (8th Cir. 2020). In *Bonnett*, the Eighth Circuit outlined the requirements of the 2017 amendment and remanded the case for further evaluation under the applicable supportability and consistency factors. *Bonnett*, 859 Fed. Appx. at 20. Thus, Plaintiff's argument that the treating physician rule previously applied by the courts supersedes

the Commissioner's regulation fails.

### C.    Conclusion

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 5th day of January 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE